IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WENDELL ELAM,

    Plaintiff,

  v.

KAISER FOUNDATION HEALTH PLAN,
OPEIU LOCAL 29,

    Defendant.
                                       /

No. C 10-00938 WHA

**DISMISSAL ORDER**

      Plaintiff Wendell Elam, acting *pro se*, filed this action against defendants Kaiser Foundation Health Plan, Inc. and OPEIU Local 29. Plaintiff is a former employee of Kaiser. In 2003, plaintiff's coworker Jenny Lam had alleged that plaintiff was sexually harassing her. On June 20, 2003, plaintiff signed a last chance agreement which prohibited contact with Lam for any reason for one year from the date plaintiff signed the agreement. Kaiser fired plaintiff for violating this agreement by emailing Lam on February 10, 2004. Defendant OPEIU Local 29, which was plaintiff's union, provided him with counsel at an arbitration in March 2005 regarding plaintiff's grievances. The arbitrator upheld both the termination and the imposition of the last chance agreement. In this action, plaintiff seeks to vacate the arbitration decision. He also asserts claims for breach of the last chance agreement, breach of good faith and fair dealing, and economic duress.

      Plaintiff filed substantially similar claims against the same two defendants in a previous lawsuit, *Elam v. Kaiser Foundation Health Plan*, No. C05-4179 BZ. In that action, he asserted

claims against defendants for retaliation, breach of the collective bargaining agreement and breach of the union's duty of fair representation, wrongful termination, breach of contract, fraud, and breach of the covenant of good faith and fair dealing. In that earlier action, summary judgment was granted for defendants (No. C05-4179 BZ, Dkt. No. 84).

The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same claims. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Claim preclusion applies when there is (1) an identity of claims, (2) a final judgment on the merits and (3) identity or privity between the parties. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. Newly articulated claims based on the same "transactional nucleus of facts" may still be subject to a res judicata finding if the claims could have been brought in the earlier action. *Id.* at 1078.

Plaintiff's claims here arise out of the same nucleus of facts — and are in fact largely identical — as claims in the previous suit. They are also asserted against the same defendants. A final judgment on the merits was issued in that case. Plaintiff's current claims are therefore barred by res judicata. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2